UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| WILSON OVERALL and JOANN OVERALL, | ) ) ) |
| Plaintiffs, | ) ) |
| vs. | ) )  Case No. 4:14cv751 SNLJ |
| BIOMET ORTHOPEDICS LLC, | ) ) ) |
| Defendant. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court on review of the file following assignment to the undersigned. The Eight Circuit has admonished district courts to "be attentive to a satisfaction of jurisdictional requirements in all cases." *Sanders v. Clemco Indus.*, 823 F.2d 214, 216 (8th Cir. 1987). "In every federal case the court must be satisfied that it has jurisdiction before it turns to the merits of other legal arguments." *Carlson v. Arrowhead Concrete Works, Inc.*, 445 F.3d 1046, 1050 (8th Cir. 2006). "A plaintiff who seeks to invoke diversity jurisdiction of the federal courts must plead citizenship distinctly and affirmatively." 15 James Wm. Moore, et al., *Moore's Federal Practice* § 102.31 (3d ed. 2010).

The Complaint in this case asserts that the Court has jurisdiction over the action pursuant to 28 U.S.C. § 1332 because the lawsuit is between citizens of different States and the matter in controversy exceeds the sum of $75,000. Plaintiff named as defendant an entity it calls "Biomet Orthopedics LLC" in the case caption, but at paragraph 1 in the complaint, the defendant is identified as "Biomet Orthopedics Inc.," "an Indiana Corporation with its corporate office in Indiana." At the outset, the Court notes that a corporation is deemed to be a citizen of both the state in which it is incorporated and the state where it has its principal place of business. 28

U.S.C. § 1332(c).  Plaintiff does not allege where defendant has its principal place of business.  Although its "corporate office" may constitute its "principal place of business," the plaintiff should so-specify.  *See Hertz Corp. v. Friend*, 559 U.S. 77, 1192-93 (2010) (observing that a corporation's principal place of business "should normally be the place where the corporation maintains its headquarters—provided that the headquarters is the actual center of direction, control, and coordination, i.e., the "nerve center," and not simply an office where the corporation holds its board meetings").

More troubling, however, is that the name of the defendant in the caption does not match the name of the defendant identified in paragraph 1.  Moreover, if the defendant is in fact an LLC and not a corporation, then its citizenship has not been addressed appropriately.  The Eighth Circuit has held that unincorporated entities such as LLCs are citizens of every state of which any member is a citizen.  *See GMAC Commercial Credit, LLC v. Dillard Dep't Stores, Inc.*, 357 F.3d 827, 829 (8th Cir. 2004).  Thus, for the LLC defendant, the Court must examine the citizenship of each member of that company to determine whether diversity jurisdiction exists.  The Complaint contains no allegations concerning the members of the defendant LLC.

The Court will grant plaintiff 14 days to file an amended complaint which clarifies the name of the defendant and alleges facts showing the existence of the requisite diversity of citizenship of the parties.  If plaintiff fails to timely and fully comply with this Order, the Court will dismiss this matter without prejudice for lack of subject matter jurisdiction.

Accordingly,

**IT IS HEREBY ORDERED** that, by May 1, 2014, plaintiff shall file an amended complaint in accordance with this memorandum.

**IT IS FURTHER ORDERED** that if plaintiff does not timely and fully comply with this order, this matter will be dismissed for lack of subject matter jurisdiction.

**IT IS FURTHER ORDERED** that all other proceedings in this case are **STAYED** pending further order of this Court.

Dated this  17th  day of April, 2014.

_____
STEPHEN N. LIMBAUGH, JR.
UNITED STATES DISTRICT JUDGE